**Leonard T. CHAPMAN,**
**Plaintiff–Appellee,**

v.

**Harry F. MANBECK, Jr., Commissioner of Patents and Trademarks,**
**Defendant–Appellee,**

v.

**DESMAR CORPORATION and Meccanica Italiana Srl,**
**Appellants.**

No. 90–1446.

United States Court of Appeals,
Federal Circuit.

April 16, 1991.

Coe A. Bloomberg, Lyon & Lyon, of Los Angeles, Cal., argued for plaintiff-appellee. With him on the brief were Allen W. Jansen and Carol A. Schneider. Also on the brief was Charles Wendel, Parkhurst, Wendel & Rossi, of Alexandria, Va., of counsel.

Fred E. McKelvey, Office of the Sol., of Arlington, Virginia, argued for defendant-appellee.

George Raynovich, Jr., Buchanan Ingersoll Professional Corporation, of Pittsburgh, Pa., argued for appellants. With him on the brief were Paul A. Beck, Michael L. Dever and Richard A. DeTar.

Before MARKEY, MICHEL and RADER, Circuit Judges.

RADER, Circuit Judge.

Desmar Corporation and Meccanica Italiana, Srl (Desmar) appeal from an order of the United States District Court for the Eastern District of Virginia. *Chapman v. Manbeck*, No. 90–553–A (E.D.Va. July 6, 1990). The district court denied Desmar's motion to intervene as a third party in Leonard T. Chapman's (Chapman) suit for reinstatement of his patent. This court affirms.

## BACKGROUND

In 1982, Chapman received United States Patent No. 4,360,187 (the '187 patent) which covers a lifting mechanism for a movie camera dolly. In 1986, the '187 patent lapsed because Chapman did not pay maintenance fees required under 35 U.S.C. § 41(b) (1988). In 1989, Chapman twice petitioned the Commissioner of the Patent and Trademark Office (Commissioner) to reinstate the lapsed patent pursuant to 35 U.S.C. § 41(c)(1). The Commissioner denied both petitions. On April 19, 1990, Chapman filed an action under 5 U.S.C. §§ 701–06 in the United States District Court for the Eastern District of Virginia to compel the Commissioner to reinstate the '187 patent. The district court concluded that the Commissioner's denial of Chapman's petitions was arbitrary and capricious. On May 25, 1990, the district court granted summary judgment and ordered the Commissioner to reinstate the '187 Patent.

Chapman, through his wholly-owned corporation, had previously filed suit against Desmar in the United States District Court for the District of New Jersey. *Leonard Studio Equip., Inc. v. Desmar Corp. & Meccanica Italiana, Srl*, No. 89–1866 (HLS) (D.N.J. filed 1989). This suit originally concerned a patent for a king pin assembly for a movie camera dolly. On May 29, 1990, Chapman amended his complaint in New Jersey to charge Desmar with infringement of the '187 patent. The New Jersey magistrate issued an order *sua sponte* to prevent Desmar from raising a lapsed patent defense against Chapman's new infringement claim. Desmar appealed the magistrate's order to the New Jersey District Court. The court affirmed the magistrate's order. Consequently, Desmar did not raise the lapsed patent defense in its answer to Chapman's complaint.

On June 21, 1990, Desmar moved to intervene in Chapman's earlier suit against the Commissioner. On July 6, 1990, the Virginia district court denied Desmar's motion. Desmar appeals that denial. Appeal No. 90–1446. Desmar also appealed the summary judgment order requiring the Commissioner to reinstate Chapman's patent. Appeal No. 90–1445. Initially, this court consolidated Desmar's two appeals. Chapman moved this court to dismiss both appeals. In an order dated September 12, 1990, this court denied Chapman's motion to dismiss Appeal No. 90–1446 and bifurcated the two appeals. That order also stayed Chapman's motion to dismiss Appeal No. 90–1445, pending resolution of Appeal No. 90–1446.

## DISCUSSION

The Federal Rules of Civil Procedure apply to all civil actions in the United States District Court. Fed.R.Civ.P. 1. Consequently, Fed.R.Civ.P. 24 (Rule 24) applies in Chapman's suit for reinstatement.

Rule 24 governs intervention by third parties. Under subsection (a), the Rule permits intervention of right:

> [W]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2). Rule 24 also allows permissive intervention:

> [W]hen an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider

whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b)(2).

■ In applying Rule 24, the district court concluded that Desmar's motion to intervene was timely. The district court also found that Desmar's claimed interest in the reinstatement proceedings satisfied Rule 24's interest requirement. Under Rule 24(a)(2), the district court next examined whether denying intervention would impair Desmar's ability to protect its interest. The court found no such impairment. Regardless of the outcome of its action, the court concluded that Desmar "must confront the patent owner in the [New Jersey] infringement action." *Chapman v. Manbeck*, No. 90–553–A, slip op. at 3 (E.D.Va. July 6, 1990).

The district found that this denial of intervention did not impair Desmar's interest "as a practical matter." *See* Fed.R.Civ.P. 24(a)(2). The decision of the Virginia district court ordering reinstatement and the Commissioner's acceptance of that order do not bind the New Jersey court. If precluded from raising a lapsed patent defense in New Jersey, Desmar may challenge that denial on appeal to this court.

The Virginia district court found that Chapman's suit for reinstatement would not impair Desmar's ability to protect its interest in the New Jersey district court. The district court could not order intervention by right without finding an impairment of Desmar's interest. This court discerns no clear error in the court's finding that no such impairment exists. Therefore, the Virginia district court properly denied Desmar's motion to intervene by right.

■ Permissive intervention under Rule 24(b)(2) is discretionary. In the absence of an abuse of discretion, this court will uphold a district court's decision. *See PPG Indus. Inc. v. Celanese Polymer Specialties, Co.*, 840 F.2d 1565, 1572, 6 USPQ2d 1010, 1016 (Fed.Cir.1988) (Bissell, J., additional views). This court discerns no abuse of discretion by the Virginia district court in denying permissive intervention.

## CONCLUSION

The Virginia district court properly applied Rule 24. The Virginia district court action does not impair Desmar's ability to litigate its rights fully elsewhere. Further, Desmar has not shown an abuse of discretion by the Virginia court in denying permissive intervention. The denial of Desmar's motion to intervene is therefore

AFFIRMED.